UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SIG SAUER, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 01:08-cv-0513-SEB-TAB |
| v. ) | |
| ) | |
| JAG PRECISION, INC. ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

For this Amended Complaint against Defendant, Jag Precision, Inc. ("Defendant"), Plaintiff, Sig Sauer, Inc. ("SIG") hereby alleges as follows:

### A.
### SUBSTANCE OF THE ACTION

1. Plaintiff's Complaint arises from the unauthorized advertisement, distribution and/or sale of air soft "BB" guns by Defendant. The advertisements, packaging and/or merchandise used by Defendant in connection with the sale of these air soft "BB" guns contain the trademarks and trade dress of SIG (hereinafter known as "the SIG IP").

2. Defendant's unauthorized use of the SIG IP on the infringing advertisements, packaging and merchandise violates SIG's rights as owner of the SIG IP. Plaintiff asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and deception. Plaintiff seeks a permanent injunction preventing Defendant from using the distinctive SIG IP, along with an award of damages, treble

damages, profits, attorney's fees and costs.

## B.
## THE PARTIES

3. Plaintiff, SIG, is a corporation organized and existing under the laws of Delaware.

4. Defendant, Jag Precision, Inc., is a corporation organized and existing under the laws of California. Defendant may be served through its registered agent, Tracey En, 2223 Troy Avenue, South El Monte, CA 91733.

## C.
## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over Counts I through III of the Amended Complaint pursuant to 28 U.S.C. § § 1331 and 1338(a).

6. This Court has original jurisdiction over Count V of the Amended Complaint pursuant to 28 U.S.C. § 1338(b).

7. This Court has supplemental jurisdiction over Count IV and Counts VI through X of this Amended Complaint.

8. Defendant has submitted to this Court's jurisdiction by doing business in the state of Indiana.

9. The exercise of personal jurisdiction over Defendants by this Court is consistent with the federal Due Process Clause.

10. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in Hamilton County, Indiana.

## D.
## GENERAL ALLEGATIONS

### 1. The SIG IP

11. This Complaint involves the intellectual property of SIG. SIG owns a wide variety of

2

intellectual property rights ("the SIG IP"). Included within the SIG IP are federally registered trademarks, trade dress, copyrights and patents. These registrations are active and unrevoked, and constitute *prima facie* evidence of SIG's ownership of the marks.

12. SIG also owns common law trademark rights in the distinct shapes and features of its gun products. These common law rights are included in the SIG IP.

13. SIG maintains strict control over the quality and nature of their products and items bearing the SIG IP.

14. SIG has invested considerable time and money in advertising the SIG IP throughout Indiana and the United States. As a result of this extensive advertising, the SIG IP is immediately recognizable.

15. SIG has acquired substantial goodwill among consumers.

16. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, items bearing the SIG IP have become highly valuable.

## 2. Defendant's Infringement of Plaintiff's Rights

17. Subsequent to SIG's development, use and registration of the SIG IP, Defendant began using the SIG IP or confusingly similar variations of the marks.

18. Defendant has manufactured, produced, advertised and/or sold items bearing the SIG IP. Specifically, Defendant manufactured, distributed, advertised and/or sold numerous airsoft "BB" guns which replicate the SIG IP. A non-exclusive, but fairly comprehensive, list of infringing items is attached to this Complaint as Exhibit A.

19. Defendant has not received permission from SIG, or anyone acting on their behalf, to manufacture, produce, advertise or sell any item bearing the SIG IP.

20. By manufacturing, producing, advertising and/or selling items bearing the SIG IP without

permission, Defendant has attempted to profit from and capitalize on the intellectual property rights and substantial goodwill developed by SIG.

21. Defendant has willfully and intentionally manufactured, produced, advertised and/or sold products bearing the SIG IP with knowledge of SIG's ownership of the SIG IP.

22. Defendant manufactured, produced, advertised and/or sold items bearing the SIG IP with knowledge that Defendant's use of the SIG IP was unauthorized.

23. The manufacture, production, advertisement, and/or sale of items bearing the SIG IP created a likelihood of consumer confusion.

24. Defendant used the SIG IP with the intent to confuse and/or deceive consumers.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

25. Plaintiff incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

26. Defendant has used in commerce, and in connection with the sale of goods, reproductions, counterfeits, copies or colorable imitations of the SIG IP.

27. Defendant has reproduced, counterfeited, copied or imitated the SIG IP and applied the SIG IP to labels, signs, prints, packages, receptacles or advertisements intended to be used in commerce.

28. Defendant's use of the SIG IP creates the likelihood of confusion, mistake and/or deception among consumers.

29. Defendant willfully infringed upon the SIG IP. Defendant intended to confuse, mistake or deceive consumers.

30. Defendant used the reproductions of the SIG IP with knowledge that the marks were copies and/or counterfeits.

31. Consumers were initially interested in and lured to the infringing items by Defendant's use of the SIG IP.

32. As a result of Defendant's infringement, Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, Plaintiff will continue to suffer irreparable harm.

33. A permanent injunction is necessary to prevent Defendant from further interference with the SIG IP.

34. As a result of Defendant's infringement under 15 U.S.C. § 1114, Plaintiff has been injured and are entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT II
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

35. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

36. The SIG IP is the product of creativity and imagination.

37. The SIG IP is distinctive and famous.

38. Defendant adopted the SIG IP after the marks became famous.

39. Defendant's use of the SIG IP caused dilution of the marks.

40. Defendant's use of the SIG IP is commercial and in commerce.

41. Defendant's use of the SIG IP has weakened the unique association of the IP with SIG.

42. As a result of Defendant's dilution under 15 U.S.C. § 1125(c), Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further dilution, Plaintiff will continue to suffer irreparable harm.

43. A permanent injunction is necessary to prevent Defendant from further interference with the SIG IP.

44. Defendant's dilution of the SIG IP has caused Plaintiff damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT III
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

45. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

46. Defendant used the SIG IP in commerce and in connection with the sale of goods or services.

47. Defendant's use of the SIG IP is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendant with SIG; or as to the origin, sponsorship, or approval of Defendant's goods by SIG, or anyone acting on its behalf.

48. Defendant's conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

49. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm.  Unless Defendant is permanently enjoined from further false designations, false advertisement and trade dress infringement, Plaintiff will continue to suffer irreparable harm.

50. A permanent injunction is necessary to prevent Defendant from further interference with

the SIG IP.

51. Defendant's violation of 15 U.S.C. §1125(a) has caused Plaintiff to incur damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

52. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

53. The SIG IP is immediately recognizable and famous throughout the world.

54. SIG has acquired a reputation among consumers for quality and excellence, and the SIG IP has come to symbolize that reputation.

55. Defendant, with knowledge of and with intentional disregard for the rights of the Plaintiffs, manufactured, produced, advertised and/or sold items using the SIG IP or confusingly similar imitations thereof.

56. Defendant's use of the SIG IP has created the likelihood of confusion among consumers.

57. Defendant's acts constitute trademark infringement and willful infringement under the common law.

58. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further infringement, Plaintiff will continue to suffer irreparable harm.

59. A permanent injunction is necessary to prevent Defendant from further interference with the SIG IP.

60. As a result of Defendant's infringement, Plaintiff has suffered damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages,

treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT V
## UNFAIR COMPETITION

61. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

62. Defendant's unlawful and unauthorized use of the SIG IP constitutes unfair competition with Plaintiff.

63. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

64. Defendant's use of the SIG IP is an attempt to interfere with Plaintiff's business relationship with its consumers and to trade on Plaintiff's goodwill.

65. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm. Unless Defendant is permanently enjoined from further unfair competition, Plaintiff will continue to suffer irreparable harm.

66. A permanent injunction is necessary to prevent Defendant from further interference with the SIG IP.

67. Defendant's unfair competition has caused Plaintiff to incur damages, including but not limited to, Defendant's profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VI
## CONVERSION UNDER IND. CODE § 35-43-4-3

68. Plaintiff incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

69. Defendant knowingly or intentionally exerted unauthorized control over the property of

SIG, specifically the SIG IP.

70. Defendant sold items bearing the SIG IP without SIG's consent and in a manner or to an extent other than that to which SIG had consented.

71. Defendant knowingly or intentionally exerted unauthorized control over the goodwill developed by SIG.

72. As a result of Defendant's conversion, Plaintiff was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VII
## FORGERY UNDER IND. CODE § 35-43-5-2(b)

73. Plaintiff incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

74. Defendant, with the intent to defraud, made, uttered, and/or possessed a written instrument in such a manner that it purports to have been made by SIG.

75. Defendant was not given the authority to make or possess the infringing items by SIG, or anyone acting on its behalf.

76. As a result of Defendant's forgery, Plaintiff was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VIII
## COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

77. Plaintiff incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

78. Defendant knowingly or intentionally made and/or uttered a written instrument in such a

manner that it purports to have been made by SIG.

79. Defendant was not given the authority to make or utter the infringing items by SIG, or anyone acting on its behalf.

80. As a result of Defendant's counterfeiting, Plaintiff was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT IX
## DECEPTION UNDER IND. CODE § 35-43-5-3

81. Plaintiff incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

82. Defendant knowingly or intentionally made a false or misleading written statement with the intent to obtain property.

83. Defendant, with the intent to defraud, misrepresented the identity or quality of property.

84. As a result of Defendant's deception, Plaintiff was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT X
## CLAIM FOR CORRECTIVE ADVERTISING DAMAGES

85. Plaintiff incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

86. Defendant has damaged Plaintiff, through its advertising, Plaintiff's goodwill and reputation, or has otherwise caused misinformation in the marketplace as to the origin, source or sponsorship of Defendant's products.

87. Plaintiff seeks those damages arising from this advertising injury, including but not

necessarily limited to monies sufficient to compensate for the damage to Plaintiff's goodwill and/or the cost for correcting the misinformation in the marketplace

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against the Defendant as follows:

a. That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, and each and all of them, be permanently enjoined from:

  (i) Imitating, copying, reproducing, or using, in any manner, the SIG IP, or any other mark confusingly similar to the SIG IP;

  (ii) Committing any act that dilutes or is likely to dilute the distinctiveness of the SIG IP;

  (iii) Committing any act that is likely to create the impression that Defendant's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with SIG;

  (iv) Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any of the SIG IP; and

  (v) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b. That Defendant be required to:

   (i)  Deliver to Plaintiff for destruction all goods and materials bearing the SIG IP which Defendant has in its possession;

   (ii)  Recall and deliver to Plaintiff for destruction all goods and materials bearing the SIG IP that have been previously distributed or sold;

   (iii)  Pay compensatory damages to Plaintiff in an amount to be determined at trial for the injuries Plaintiff has sustained as a consequence of the acts complained of;

   (iv)  Pay Plaintiff treble damages, or alternatively, Defendant's profits trebled, whichever is greater;

   (v)  Pay all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs of this action;

   (vi)  Pay interest to Plaintiff, including pre-judgment interest on the foregoing sums; and

   (vii)  File with this Court and serve on Plaintiff an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

c. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

>Respectfully submitted,
>
>/s/ Darlene R. Seymour
>
>Darlene R. Seymour
>Attorney # 23133-49
>1292 E. 91st Street
>Indianapolis, IN  46240
>(317) 818-0523 – ph.
>(317) 566-2453 – fax
>dseymour@ce-ip.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on the 2nd day of May, 2008.  Notice of the filing will be sent to the following parties by operation of the Court's electronic filing system.  The following parties may access this filing through the Court's system.

>Michael A. Swift
>michael.swift@icemiller.com
>
>Jay G. Taylor
>jay.taylor@icemiller.com
>
>Bradley M. Stohry
>bradley.stohry@icemiller.com
>
>
>/s/ Darlene R. Seymour
>
>1292 E. 91st Street
>Indianapolis, IN 46240
>(317) 818-0523
>dseymour@ce-ip.com